IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:22-cv-01883-SKC

GREG HARRIMAN,
ANDREW KAMBICH, and
ELIZABETH KAMBICH,

    Plaintiffs,

v.

JOHN SMART,

    Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS
UNDER FED. R. CIV. P. 37(e) (DKT. 55)**

---

The above-referenced Motion is now before the Court. This is a breach of contract case. On December 31, 2021, Plaintiffs and Defendant entered a Stock Purchase Agreement (SPA) whereby Plaintiffs purchased all the issued and outstanding shares of 411 Flash Corporation ("Company") from Defendant.[1] Colorado law governs the SPA. Dkt. 33-1 (SPA), p.32.

---

[1] The Company provides individuals with non-emergency medical transportation services.

1

According to Plaintiffs, almost all the discovery in this case has been comprised of electronically stored information (ESI) largely in the form of emails. They seek sanctions under Rule 37(e) against Defendant Smart, arguing:

> Mr. Smart was in complete and sole control of the Company's email domain and email subscription, but he never transferred the accounts, and maintained access to those accounts, even using his @411flash.com email address long after the sale (and after the dispute leading to this litigation arose). Mr. Smart himself had purchased a one-year subscription to the domain and a three-year subscription to the email service, and he was alone aware that those subscriptions were set to expire in December 2022 (for the domain) and February 2023 (the email), yet he did nothing. Even when Plaintiffs raised the issue, he denied and delayed just long enough that the email was permanently and irreversibly deleted. Because Mr. Smart unreasonably failed to preserve the ESI during this pending litigation, he should be sanctioned under rule 37(e).

Dkt. 55, p.2.

In response, Defendant blames Plaintiffs for the failure to preserve the @411flash.com emails because Plaintiffs owned the Company at the time the emails were automatically deleted. *See* Dkt. 63, p.1. Defendant argues that when Plaintiffs took ownership of the Company, "they (as owners) took over the responsibility of maintaining the operations of the company, such as its emails and data." *Id.* at p.2. He further argues that "[f]or almost three months after Plaintiffs lost access to the @411Flash.com domain, Plaintiffs **took no action**. Then, on March 7, 2023, Plaintiffs' counsel contacted Mr. Smart's counsel and requested that Mr. Smart provide 411 Flash access to the Microsoft 365 and GoDaddy accounts. . . . While Plaintiffs now seek to blame Mr. Smart . . . Plaintiffs apparently waited several

2

months to inform their counsel of any loss of the domain and further did not respond to Mr. Smart's March 9th offer until March 21st, just five days before the supposed permanent deletion on March 26th[.]" *Id.* at pp.4-5 (emphasis in original).

The Court has carefully considered the full briefing on the Motion and applicable law. Because both sides failed to take reasonable steps to preserve the @411flash.com emails, the Motion is DENIED.

## LEGAL PRINCIPLES

To obtain sanctions for spoliation of evidence, a movant must first show "(1) a party ha[d] a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). When the alleged spoliation involves ESI, Rule 37(e) governs. That Rule provides:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice[.]

Fed. R. Civ. P. 37(e)(1).[2] Thus, Rule 37(e) contains four triggers necessary to a finding of spoliation: (1) the party had a duty to preserve ESI; (2) the party failed to take

---

[2] Plaintiffs indicate they "are not asking the court to impose sanctions under Rule 37(e)(2)." Dkt. 55, p.11.

3

reasonable steps to preserve it; (3) the ESI was lost as a result of the party's failure to take reasonable preservation steps; and (4) the ESI cannot be restored or replaced with additional discovery. *Id.*

## ANALYSIS AND FINDINGS

1.  **Duty to Preserve the ESI**

To reiterate, the ESI involved here is the @411flash.com emails, which were supported by a GoDaddy and a Microsoft 365 account (the "Accounts"). The Court finds both sides had a duty to preserve this ESI. Plaintiffs took ownership of the Company, and thus its ESI, with the closing on the SPA on December 31, 2021 ("Closing"). The Disclosure Schedules attached to the SPA list "411flash.com dba Smart Transportation – Maine" in Schedule 4.10(a) as intellectual property owned by the Company at the time of Closing.[3] Dkt. 33-1, p.53. Plaintiffs, therefore, acceded to the legal right to control the Accounts and the Company's intellectual property with the Closing on their purchase of 100% of the Company's stock. *Id.* at pp.6-7 (Section

---

[3] Section 4.10(a) of the SPA states:

> Section 4.10(a) of the Disclosure Schedules list all Intellectual Property that is owned or licensed by the Company (the "***Company Intellectual Property***") and all Company IP Registrations. The Company owns or has the valid and enforceable right to use all Intellectual Property used or held for use in or necessary for the conduct of the Company's business as currently conducted or as proposed to be conducted, free and clear of all Encumbrance. The Intellectual Property is valid and enforceable, and all Company IP Registrations are subsisting and in full force and effect. The Company has taken all necessary steps to maintain and enforce the Company Intellectual Property.

2.03) (re: "Transactions to be Effected at the Closing"); *cf. Mifflin Energy Sources, Inc. v. Brooks*, 501 F. Supp. 334, 336 (W.D. Pa. 1980) (observing that the sale of 100% of stock in a business transfers ownership). Even still, Defendant continued to have control over the Accounts *after* the Closing. As a result, the Court finds both sides had a duty to preserve the ESI in question—Plaintiffs because they had the legal right to obtain the ESI on demand and Defendant because he retained the sole ability to obtain access to it. *See, e.g., Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004) ("[C]ontrol comprehends not only possession but also the right, authority, or ability to obtain the documents. Therefore, Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person in whose possession the documents lie.") (cleaned up); *Resol. Tr. Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992) ("The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials *or* has the legal right to obtain the documents on demand.") (emphasis in original).

**2.     Reasonable Steps to Preserve the ESI**

Both sides failed to take reasonable steps to preserve the ESI. Concerning Plaintiffs, they owned the Company at the time the ESI was lost. There is no evidence they took steps to ensure transfer of access to the Accounts at Closing. Plaintiffs

apparently accessed Microsoft Office 365 on or about February 17, 2022, and updated the payment information on file. But they never promptly followed through to attempt to effectuate the transfer of access to that account consistent with the Company's new ownership and the updated payment information.

Plaintiffs first lost access to the emails on December 29, 2022. Dkt. 55, ¶27. They took no action for almost three months after they lost access, until March 7, 2023, before contacting Defendant to request access to the Accounts. And although having been represented by counsel and actively involved in litigation at the time, Plaintiffs never sought any form of injunctive relief concerning Defendant's alleged stall tactics or the impending automatic cancellation of the Microsoft 365 account.

Defendant's hands are similarly unclean. He had sole access to the Accounts after the Closing. He too took no steps to ensure transfer of access to the Accounts at the Closing. And he was dilatory in his efforts to assist Plaintiffs with obtaining access to the ESI and in effectuating a transfer of that access before the Microsoft 365 account expired.

The parties spend ample time arguing who did or didn't do what in March 2023 leading to the permanent deletion of the emails on March 26, when the Microsoft 365 subscription expired. They go so far as to accuse each other of intentionally or knowingly allowing the emails to be lost. But the Court finds both sides equally culpable for the loss of emails for the reasons mentioned.

Both sides failed to take reasonable steps to preserve the @411Flash.com emails under Rule 37(e). And because they share in the blame, the Motion is DENIED. *See Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 290 (S.D.N.Y. 2011) ("To be sure, equal negligence by both parties to a litigation in allowing the destruction of evidence renders sanctions unwarranted."); *In re WRT Energy Sec. Litig.*, 246 F.R.D. 185, 196 (S.D.N.Y. 2007) ("Even if the loss of proof were more detrimental to one party than the other, there would be no basis for attempting to restore the evidentiary balance because either party could have protected itself by preventing the spoliation.").

DATED: July 30, 2024

BY THE COURT:

_____
S. Kato Crews
United States District Judge