IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:22-cv-01883-SKC

GREG HARRIMAN,
ANDREW KAMBICH, and
ELIZABETH KAMBICH,

      Plaintiffs,

v.

JOHN SMART,

      Defendant.

---

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR RECONSIDERATION (DKT. 81)**

---

The above Motion is now before the Court. In relevant part, on July 30, 2024, the Court granted Defendant's Motion for Summary Judgment (Dkt. 57) insofar as Plaintiffs alleged a breach of Section 3.03 of the December 31, 2021 Stock Purchase Agreement (SPA) between the parties. Dkt. 77 ("MSJ Order"). Under the SPA, Plaintiffs purchased all the issued and outstanding shares of 411 Flash Corporation ("411 Flash") from Defendant. At all relevant times, 411 Flash was party to an agreement ("Transportation Agreement") with Modivcare Solutions LLC. Modivcare's subscription riders were 411 Flash's only source of revenue.

1

With their Motion, Plaintiffs contend the Court made a clear error of law in granting summary judgment on their claim that Defendant breached Section 3.03 of the SPA. The Court has considered the Motion, Defendant's Response, and Plaintiffs' Amended Reply. Dkts. 81, 82, and 85, respectively. No hearing is necessary. The Motion is denied as explained below.

## LEGAL PRINCIPLES

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Rivera v. Exeter Finance Corp.*, No. 15-cv-01057-PAB-MEH, 2019 WL 6173666, at *1 (D. Colo. Nov. 19, 2019) (citing *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995)). The bases for granting reconsideration are extremely limited: "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). These motions are committed to the trial court's discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## ANALYSIS

Plaintiffs argue the Court "made a clear error of law because it failed to address Plaintiffs' argument that the Transportation Agreement was not 'regarding the same subject matter' as Part A and therefore did not supersede it."[1] Dkt. 81, pp.1-2. As a result, they argue "the Court should reconsider and reverse its order because it inadvertently ignored a material dispute of fact that prevented the entry of summary judgment against Plaintiffs on their claim for breach of Section 3.03 of the SPA." *Id.* at p.6. Plaintiffs frame the issue like so: "Whether Part A and the Transportation Agreement Concerned the 'Same Subject Matter' Is a Material Dispute of Fact Inappropriate for Resolution on Summary Judgment."[2] *Id.* at p.7. And they claim the Court erred because it "simply accepted Defendant's assertion that the Transportation Agreement superseded Part A." *Id.* at p.9.

But Plaintiffs' arguments miss their target because they recast the Court's MSJ Order to claim clear error over a finding the Court never made—*i.e.*, that the Transportation Agreement supersedes the Part A Disclosure. *See generally* Dkt. 77. The Court's finding, in relevant part, was that Plaintiffs could not use the separate Part A Disclosure to vary or contradict the terms of the Transportation Agreement as a matter of parol evidence. Thus, any purported factual dispute over whether the Part

---

[1] The Part A document is titled "Part A: Disclosure of Ownership and Control (Required by 42 C.F.R. § 455.104)."

[2] The trial of this matter will be to the Court.

3

A Disclosure and the Transportation Agreement cover the "same subject matter" is a red herring and not a disputed issue of *material* fact for purposes of the Court's MSJ Order. But let's take a step back to find the fly in the ointment of Plaintiffs' arguments.

First, the issue on summary judgment was whether the undisputed material facts supported Plaintiffs' breach of contract claim alleging a breach of Section 3.03 of the SPA. This Court noted in its MSJ Order that "[w]hether Defendant breached Section 3.03 depends on the interpretation of [Section 3.03] because it is undisputed Defendant neither provided Modivcare notice of the change in 411 Flash's ownership nor received its consent to the change." Dkt. 77, p.9. The Court then found the "undisputed material facts demonstrate there are no triable issues over whether Defendant breached [Section 3.03]" for three reasons: (1) nothing in the Transportation Agreement required 411 Flash to notify Modivcare of a change in ownership or required Modivcare to consent to a change in ownership; (2) there is no evidence the SPA or Defendant's lack of notice to Modivcare resulted in a breach, default, or other violation of the Transportation Agreement—indeed, 411 Flash remained a party to the Transportation Agreement and the agreement remained in full force and effect through Modivcare's subsequent request to Plaintiffs to enter a new transportation agreement; and (3) there is no evidence the change in 411 Flash's ownership created any right in Modivcare to accelerate, terminate, modify or cancel the Transportation Agreement, or that it resulted in these actions in light of

4

Plaintiffs' decision to voluntarily agree to enter a new transportation agreement with Modivcare. *Id.* at pp.11-12.

The Court summarized these findings saying: "[T]here is no evidence in the summary judgment record that the change in ownership created some additional right in Modivcare to seek changes to the existing Transportation Agreement such that Defendant breached the SPA when he failed to notify Modivcare of the change." *Id.* at p.12. And because of these findings, the Court found "Plaintiffs' reliance on the Part A ownership disclosure Defendant provided to Modivcare is inapposite." *Id.* at p.13. Thus, even assuming the Part A Disclosure is not superseded by the Transportation Agreement neither alters the result on summary judgment nor leads to disputed issues of material fact. This conclusion is bolstered by the Court's additional findings of undisputed material facts in its MSJ Order, to wit:

> [T]he undisputed evidence shows that after the change in ownership, Modivcare told 411 Flash (then under Plaintiffs' ownership) that its senior director requested 411 Flash sign a new transportation agreement. Dkt. 70-1, ¶21; Dkt. 57-9. 411 Flash, through Plaintiffs, voluntarily complied with this request because it did not want to lose its only revenue source. *Id.* This resulted in Modivcare temporarily suspending its use of 411 Flash's services, in its discretion, while it got the new transportation agreement in place. *Id.* at ¶¶22, 23. . . . [T]here is no evidence in the summary judgment record that the change in ownership created some additional right in Modivcare to seek changes to the existing Transportation Agreement such that Defendant breached the SPA when he failed to notify Modivcare of the change. *Id.* at ¶¶36-37.

*Id.* at p.12.

5

Second, on summary judgment, Plaintiffs first argued the Transportation Agreement and the Part A Disclosure "comprise one Agreement." Dkt. 71, p.4 n.3; *see also* Dkt. 58-1, p.9 (arguing "[I]f the Company fails to provide notice of a change in the ownership and control information—as required by Part A—it constitutes a breach of the Transportation Agreement."). Here, the Court found the plain terms of the Transportation Agreement were unambiguous and further found the Transportation Agreement "does not contain any provision that required Defendant to notify Modivcare of any change to Part A, nor does it incorporate Part A by reference." Dkt. 77, p.11 n.5, p.14. Implicit in these findings is that the Transportation Agreement and the Part A Disclosure are separate documents and not one agreement.

Third, on summary judgment, Plaintiffs argued in the alternative that the Part A Disclosure "survives the [Transportation Agreement's] integration clause because [Part A] is not 'regarding the same subject matter' as the Transportation Agreement[,]" and the Part A Disclosure "is unaffected by the 'entire agreement' clause of the Written Transportation Agreement. . .." Dkt. 71, pp.13-14. Here, the Court found "Plaintiffs cannot use the Part A document to vary the terms of the unambiguous Transportation Agreement or the SPA." Dkt. 77, p.14. This finding was a matter of the Court applying the parol evidence rule. Applying the parol evidence rule required no analysis over whether the Part A Disclosure and the Transportation Agreement covered the same subject matter. *See Sisters of Color United for Educ. v.*

6

*ACM Park Hill JV VII, LLC*, No. 23CA1785, 2024 WL 4235188, at *5 (Colo. App. Sept. 19, 2024) ("'[W]hen a contract has been expressed in writing, to which both parties have assented as a complete and accurate expression of their agreement, evidence, whether parol or otherwise, of antecedent understandings and negotiations is not admissible for the purpose of varying or contradicting the terms of the writing.'") (quoting *Miller v. L. C. Fulenwider, Inc.*, 362 P.2d 570, 574 (Colo. 1961)). To be sure, because Plaintiffs alternatively argued the Part A Disclosure does not regard the same subject matter as the Transportation Agreement and because they offered the disclosure to vary and contradict the plain and unambiguous terms of the Transportation Agreement, application of the parol evidence rule was manifest.

Fourth, the Court never found that the Transportation Agreement superseded the Part A Disclosure, as Plaintiffs contend. Nor was that finding necessary. Whether the Transportation Agreement superseded the Part A Disclosure had no bearing on the Plaintiffs' effort to utilize the Part A Disclosure to vary and contradict the unambiguous terms of the Transportation Agreement. The Court referenced the integration clause merely to note the parties to the Transportation Agreement agreed it represented their final and complete agreement, thus supporting application of the parol evidence rule. *See Nelson v. Elway*, 908 P.2d 102, 107 (Colo. 1995) ("[T]he terms of a contract intended to represent a final and complete integration of the agreement between the parties are enforceable, and extrinsic evidence offered to prove the existence of prior agreements is inadmissible. Even when extrinsic evidence is

7

admissible to ascertain the intent of the parties, such evidence may not be used to demonstrate an intent that contradicts or adds to the intent expressed in the writing." (citations omitted)); *Keller v. A.O. Smith Harvestore Prod., Inc.*, 819 P.2d 69, 72 (Colo. 1991) ("[T]he terms of a contract intended to represent a final and complete integration of the parties' agreement are enforceable and parol evidence offered to establish the existence of prior or contemporaneous agreements is inadmissible to vary the terms of such contract.").

Because Plaintiffs claim error over a finding the Court never made, nor needed to make, their Motion must be denied.

\*   \*   \*

Plaintiffs have failed to demonstrate an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Thus, for the reasons shared above, the Court **ORDERS** the Motion to Reconsider is **DENIED**.

Additionally, at the September 20, 2024 Final Pretrial Conference, the parties indicated the amount in controversy on Plaintiffs' remaining claim for relief is capped at around $40,000, with Plaintiffs already holding $20,000 of the capped amount as an indemnification holdback allowed by the SPA. Plaintiffs' counsel agreed with the Court that it seems an inefficient use of everyone's resources to try this case over $20,000. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

8

determination of every action and proceeding.). Therefore, it is **FURTHER ORDERED** that Plaintiffs shall have through and including **October 30, 2024**, to file a notice of dismissal of the remaining claim under Fed. R. Civ. P. 41(a)(1)(A)(ii),[3] or a notice indicating Plaintiffs intend to try their remaining claim notwithstanding the reduced amount in controversy.

DATED: October 23, 2024

BY THE COURT:

S. Kato Crews
United States District Judge

---

[3] *See Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, No. 21-5022, 2022 WL 881575, at *2 (10th Cir. Mar. 25, 2022) (discussing exceptions and stating "[g]enerally, a party may not 'manufacture finality by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed.'") (citing *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv. II, LLC*, 887 F.3d 1003, 1015 (10th Cir. 2018)).